[No. 9344. Department Two. October 13, 1911.]

ROY & ROY MILL COMPANY, *Appellant*, v. HITCHCOCK-KELLY SHINGLE & LUMBER COMPANY, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS. The findings of a trial judge upon a tedious accounting upon numerous involved items will not be disturbed on appeal if supported by the evidence and a correct construction of the contract.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered September 10, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.

*Million, Houser & Shrauger*, for appellant.

*Thomas Smith*, for respondent.

PER CURIAM.—Action by Roy & Roy Mill Company, a corporation, against Hitchcock-Kelly Shingle & Lumber Company, a corporation, to foreclose a mortgage. The note and mortgage were originally given for $3,500. Plaintiff, after admitting certain payments, prayed judgment for $1,-900, together with interest, attorney's fees and costs. By his answer the defendant pleaded payment in full, and demanded a cancellation of the mortgage. The trial court found the sum of $719.65 on the note and $60 insurance premiums to be due plaintiff, and entered a decree of foreclosure therefor, together with interest, attorney's fees, and costs. The plaintiff has appealed.

Appellant's complaint is that the trial judge entered judgment for less than the amount due. Appellant is a shingle broker, and the respondent manufactures and sells shingles. At or about the time appellant made the loan of $3,500, the parties entered into a written contract covering a period of

[1]Reported in 118 Pac. 1119.

three years, by which it was agreed that the respondent was to sell its shingles to appellant and ship them in carload lots to points and consignees named by appellant; that payments of a certain percentage of the purchase price were to be made by appellant in cash less agreed discounts; that methods of ascertaining the amounts finally due were stipulated; and that all sums due respondent for the shingles which were not paid in cash by appellant were to be credited upon respondent's note.

The contract was drawn with much detail, but no good purpose can be served by stating its terms in this opinion. The shipments made by respondents were numerous,' and the dispute between the parties as to the amount now due arises out of numerous items involving market prices, shortage on shipments, underweights, overweights, discounts, switching charges, and one separate car. These various items necessitate a tedious accounting arising out of many separate shipments. The trial judge heard the evidence, made his findings, and allowed respondent a total credit of $967.37 in excess of what appellant is willing to concede. An examination of the evidence satisfies us the trial judge arrived at as correct a conclusion as would be possible for us to reach, and that his findings should not be disturbed. We also conclude the terms and provisions of the contract were correctly construed in considering the evidence and ascertaining the amount due.

The judgment is affirmed.